UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUKE BENOIT and SHAWN MOREAU** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **QUALITY CARRIERS, INC. and RANDALL NEAL** | **MAGISTRATE JUDGE:** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Quality Carriers, Inc. and Randall Neal ("Defendants"), which file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, to the docket of this Honorable Court.

I.

On May 16, 2022, Plaintiffs, Luke Benoit and Shawn Moreau ("Plaintiffs"), filed a personal injury lawsuit against the Defendants in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, Docket Number 91655, Division "H," entitled "*Luke Benoit and Shawn Moreau versus Quality Carriers, Inc. and Randall Neal*" (*See* Petition for Damages attached hereto as Exhibit "A"). The lawsuit arises from an alleged motor vehicle accident which occurred on or about July 13, 2021 at 1404 Rees Street in the City of Breaux Bridge in St. Martin Parish, Louisiana. (*Id*. at ¶ 3).

II.

Service of citation and a copy of the petition were requested on Defendant, Quality Carriers, Inc. ("Quality"), through its registered Agent for Service of Process, Corporation Service Company, (*Id.* at p. 4) on or about May 16, 2022.

III.

Thereafter, service of citation and a copy of the petition were served on Quality's registered agent on May 23, 2022. (*See* Notice of Service attached hereto as Exhibit "B").

IV.

Quality filed a Dilatory Exception of Vagueness, Ambiguity and Non-Conformity of Petition on June 29, 2022 due to Plaintiffs' failure to make the requisite allegations as to whether their claims exceeded the amount sufficient to invoke the jurisdiction of the federal courts. (*See* Dilatory Exception of Vagueness, Ambiguity and Non-Conformity of Petition attached hereto as Exhibit "C").

V.

Quality then filed its Answer and Affirmative Defenses on July 8, 2022. (*See* Answer attached hereto as Exhibit "D").

VI.

On August 4, 2022, Plaintiffs filed a Motion and Order for Leave of Court to File First Supplemental and Amending Petition for Damages alleging that their causes of action exceed $75,000 exclusive of interest and costs. (*See* Motion and Order For Leave of Court to File First Supplemental and Amending Petition attached hereto as Exhibit "E" and Plaintiff's First Supplemental and Amending Petition attached hereto as Exhibit "F").

VII.

The Court granted Plaintiffs' Motion for Leave on August 4, 2022. (Exhibit "E").

VIII.

The Notice of Signing the Motion for Leave was signed on August 10, 2022. (Exhibit "G").

IX.

Defendant, Randall Neal, was served with the Petition for Damages and First Supplemental and Amending Petition for Damages on August 8, 2022. (*See* Affidavit of Service attached hereto as Exhibit "H").

X.

This removal is being filed within thirty (30) days of Defendants' receipt of the First Supplemental and Amending Petition for Damages pursuant to 28 U.S.C. § 1446(b)(3).

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

XI.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in all civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2).

A. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

XII.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but

3

sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  When the original petition does not, on its face, affirmatively reveal that the jurisdictional minimum is present, a removing defendant is not required to remove until it receives an amended pleading or other paper that make it "unequivocally clear and certain" that more than $75,000 is in controversy. *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 210-12 (5th Cir. 2002). This rule is intended to "reduce 'protective' removals by defendants faced with an equivocal record" and to "discourage removals before their factual basis can be proven by a preponderance of the evidence [.]" *Id*.

XIII.

Here, it is facially apparent from Plaintiffs' First Supplemental and Amending Petition for Damages that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  To wit, the First Supplemental and Amending Petition specifically alleges the Plaintiffs' claims "exceed $75,000.00, exclusive of interest and costs." (*See* Exhibit "F").

XIV.

Accordingly, Defendants show that the amount in controversy for the claims of the Plaintiffs exceed this Honorable Court's jurisdictional minimum of $75,000.00, exclusive of interest and costs, for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.

B. **COMPLETE DIVERSITY EXISTS**

XV.

Defendant, Quality Carriers, Inc., is a foreign corporation that is incorporated in Illinois, with its center of direction, control and coordination in Tampa, Florida. (*See* Exhibit "A" at ¶1).

Thus, Quality Carriers, Inc., is domiciled in Illinois and Florida, and, therefore, under 28 U.S.C. §1332(c), is deemed to be a citizen of Illinois and Florida.

XVI.

Defendant, Randall Neal, is a person of the full age of majority and is domiciled in Pensacola, Florida and is a citizen of the State of Florida. (*See* Exhibit "A" at ¶1).

XVII.

Based on their allegations in the Petition for Damages, Plaintiffs are persons of the full age of majority and domiciled in Lafayette Parish, Louisiana and, therefore, are citizens of the State of Louisiana for purposes of diversity. (*See* Exhibit "A" at introductory paragraph).

XVIII.

There is complete diversity between Plaintiffs and the named Defendants. As of the date of this removal, Plaintiffs have not named any other parties as Defendants.

II. **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

XIX.

A copy of the Motion for Leave to File First Supplemental and Amending Petition was filed with the court on August 4, 2022. (*See* Exhibit "E").

XXI.

The court granted the Motion for Leave to File First Supplemental and Amending Petition on August 4, 2022. (*See* Exhibit "E").

XXII.

Quality agreed to waive service of the First Supplemental and Amending Petition and is therefore deemed to have been served on August 4, 2022 pursuant to the Court's Order granting Plaintiffs' Motion for Leave.

XXIII.

Defendant, Randall Neal, was served on August 8, 2022. (*See* Exhibit "H").

XXIV.

This Notice of Removal was properly filed within thirty (30) days of Defendants' receipt of the amended pleading from which it could first be ascertained that the case is removeable. 28 U.S.C. § 1446(b)(3).

XXV.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein the Plaintiffs' alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiffs are diverse from all Defendants insofar as they are citizens of different States.

XXVI.

All Defendants consent to the removal of this action.

XXVII.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiffs and to the Clerk of Court for the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana.

XXVIII.

No previous application has been made for the relief requested herein.

XXIX.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

XXX.

Copies of all filings in this matter have been requested from the Clerk of Court for the 16th Judicial District Court for the Parish of St. Martin and this Notice of Removal will be supplemented upon receipt of same.

**JURY DEMAND**

XXXI.

Defendants are entitled to and hereby request a trial by jury on all triable issues herein.

WHEREFORE, Defendants, Quality Carriers, Inc. and Randall Neal, pray that the action entitled, "*Luke Benoit and Shawn Moreau versus Quality Carriers, Inc. and Randall Neal*," bearing Docket Number 91655, Division "H" and pending in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, be removed from the said state court docket to the United States District Court for the Western District of Louisiana.

    Respectfully submitted,

    **PERRIER & LACOSTE, L.L.C.**

    */s/ Megan B. Jacqmin*
    _____
    **GUY D. PERRIER, #20323**
    **MEGAN B. JACQMIN, #33199**
    Perrier & Lacoste, LLC
    One Canal Place
    365 Canal Street, Suite 2550
    New Orleans, Louisiana 70130
    gperrier@perrierlacoste.com
    mjacqmin@perrierlacoste.com
    Tel:  (504) 212-8862
    Fax:  (504) 212-8825
    **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 26th day of **August, 2022**, at their last known address of record.

                                      */s/ Megan B. Jacqmin*
                                   **MEGAN B. JACQMIN**